13-101-cv
Lampros v. Banco do Brasil, S.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand thirteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
PIERRE N. LEVAL,
ROSEMARY S. POOLER,
*Circuit Judges*.

_____

LOREN D. LAMPROS,

    *Plaintiff-Appellant*,

       v.                    No. 13-101-cv

BANCO DO BRASIL, S.A.,

    *Defendant-Appellee*.

_____

For Plaintiff-Appellant:      MAURY B. JOSEPHSON, Law Office of Maury B. Josephson, Melville, N.Y.

For Defendant-Appellee:      BARRY ASEN, Epstein Becker & Green, P.C., New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cote, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Loren Lampros appeals from a December 5, 2012 judgment of the United States District Court for the Southern District of New York (Cote, *J.*), granting summary judgment to Defendant-Appellee Banco do Brasil ("BdB") on Lampros's Title VII employment discrimination and retaliation claims, as well as his promissory estoppel claim.

Lampros, formerly Risk Manager of BdB's New York branch, alleges in connection with his Title VII claims that BdB terminated his employment because he was not of Italian origin, and because he raised a complaint of similar discrimination against Pais, also a non-Italian employee, to Ivan de Souza Monteiro, the New York branch General Manager. In its defense, BdB contends that Lampros was dismissed when it became clear during the financial crisis that he was not performing well. Although Lampros argues that BdB's rationales are pretext for unlawful discrimination and retaliation, we find no evidence in the record that would allow a reasonable juror to conclude that either Lampros's national origin as a non-Italian or his previously bringing Pais's complaint of national origin discrimination to Monteiro's attention played a role in BdB's decision to terminate his employment. In light of the plaintiff's failure to meet his burden, *see Garcia v. Hartford Police Dep't*, 706 F.3d 120, 127 (2d Cir. 2013) (per curiam), we affirm the district court's grant of summary judgment on Lampros's Title VII claims.

Turning to Lampros's promissory estoppel claim, the elements of such a claim under New York law require a plaintiff to show: 1) a clear and unambiguous promise made by the

2

defendant; 2) reasonable and foreseeable reliance on that promise; and 3) injury to the plaintiff as a result of the reliance. *Kaye v. Grossman*, 202 F.3d 611, 615 (2d Cir. 2000). According to Lampros, in order to induce him to accept the Risk Manager position and turn down a job offer from another bank, BdB promised to provide him with such training and support "as [he] might deem desirable in order to perform the new position." J. App'x 261. Even assuming *arguendo* that this constitutes a clear and unambiguous promise by BdB, there is no evidence that he reasonably relied on that promise or that BdB failed to provide him with any training or support that he requested. To the contrary, the undisputed evidence shows that Lampros turned down at least two opportunities presented to him by his colleagues to attend seminars and conferences on risk management, and Lampros made no request for training or support that BdB failed to provide. Thus, his claim fails.

We have considered all of the plaintiff's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3